UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY L. SMITH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 4:06-cv-66
Hon. Gordon J. Quist

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on January 7, 1974, graduated from high school and is a certified nurse's aide (AR 52, 68).[1] Plaintiff alleged that she had been disabled since she injured her back on August 13, 2002 (AR 52, 301). She had previous employment as an assistant manager at a Wal-mart, cake decorator, cashier, certified nurse's aide and residential aide (AR 64). Plaintiff identified her disabling condition as lower back injury, three surgeries (laminectomies and discectomies), and pain radiating down her right leg to her toes (AR 63). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on November 23, 2005 (AR 14-24). This decision, which was later approved

---

[1] Citations to the administrative record will be referenced as (AR "page #").

by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

2

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

**II. ALJ'S DECISION**

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since her alleged onset date (AR 23). Second, the ALJ found that:

> The claimant has medically determinable impairments consisting or right sacroiliitis beginning in late 2004, a history of three back surgeries, peptic ulcer disease, and a history of Buerger's disease. While not each of these impairments is severe if considered separately, the claimant's medically determinable impairments, in combination, are severe (20 C.F.R. § 404.1523).

(AR 23).[2] At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 23).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) as follows:

> The claimant can lift and carry ten pounds occasionally and ten pounds frequently, stand and/or walk for two out of eight hours, and sit for six hours in an eight-hour workday. She cannot perform significant stooping, and she must be allowed to sit and stand at will.

(AR 23). The ALJ found that plaintiff could not perform her past relevant work (AR 23). The ALJ also found that plaintiff's statements regarding her impairments and their impact on her ability to work were not entirely credible (AR 23).

At the fifth step, the ALJ found that plaintiff could perform a significant number of sedentary jobs in the local economy, including cashier (4,500 jobs), clerical assistant (6,000 jobs),

---

[2] Buerger's disease is also known as thromboangiitis obliterans, which is defined as "an inflammatory and obliterative disease of the blood vessels of the extremities, primarily the lower extremities, occurring chiefly in young men and leading to ischemia of the tissues and gangrene." *Dorland's Illustrated Medical Dictionary* at p. 1706 (28th Ed. 1994).

and bench assembler (8,000 jobs) (AR 22, 24). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 24).

## III. ANALYSIS

Plaintiff did not set forth a statement of errors as required by the court in the order directing filing of briefs. *See* docket no. 6. After reviewing plaintiff's brief, it appears that she contests the ALJ's determination that she does not suffer from disabling pain.

### A.   Legal standard

An ALJ's evaluation of a claimant's pain is admittedly inexact. *Jones v. Secretary of Health and Human Servs.*, 945 F.2d 1365 (6th Cir. 1991). As the Sixth Circuit noted in *Jones*:

> The measure of an individual's pain cannot be easily reduced to a matter of neat calculations. There are no x-rays that can be taken that would objectively show the precise level of agony that an individual is experiencing. Hence, in evaluating the intensity and persistence of pain, both physicians and laymen alike, must often engage in guesswork.

*Id.* at 1369. Despite the inexact nature of measuring a claimant's pain, the ALJ must nevertheless evaluate the alleged pain and determine whether the claimant suffers from disabling pain.

While it is well-settled that pain may be so severe that it constitutes a disability, a disability cannot be established by subjective complaints of pain alone. "An individual's statement as to pain or other symptoms shall not *alone* be conclusive evidence of disability." *Cohen v. Secretary of Department of Health and Human Servs.*, 964 F.2d 524, 529 (6th Cir. 1992), quoting 42 U.S.C. § 423(d)(5)(A) (emphasis added). Rather, objective medical evidence that confirms the existence of pain is required. *Shavers v. Secretary of Health and Human Services*, 839 F.2d 232, 234-235 (6th Cir.1987). In *Duncan v. Secretary of Health & Human Services*, 801

5

F. 2d 847 (6th Cir. 1986), the Sixth Circuit fashioned a two-prong test for evaluating an alleged disability based upon pain. *See Felisky v. Bowen*, 35 F.3d 1027, 1037-1039 (6th Cir. 1994) (the *Duncan* analysis is a "succinct form" of the Social Security Administration's guidelines for use in analyzing a claimant's subjective complaints of pain as set forth in 20 C.F.R. § 404.1529).

To meet the first prong of the *Duncan* test, the claimant must present objective evidence of an underlying medical condition. *Duncan*, 801 F.2d 847 at 853. In order for a claimant to meet the second prong of the *Duncan* test "(1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain." *Id.*

Finally, it is the ALJ's function to resolve conflicts in the evidence and determine issues of credibility. *See Siterlet v. Secretary of Health and Human Servs.*, 823 F. 2d 918, 920 (6th Cir. 1987) (per curiam); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). "It [i]s for the Secretary and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536, *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). When discrepancies exist between the claimant's testimony and the written record, the reviewing court does not substitute its credibility findings for that of the ALJ. *See Bentley v. Commissioner*, 23 Fed. Appx. 434, 436 (6th Cir. 2001); *Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).

### B.    Plaintiff's claim of permanent disability

The ALJ found that plaintiff suffered from a combination of severe impairments arising from sacroiliitis beginning in late 2004, a history of three back surgeries, peptic ulcer disease,

and a history of Buerger's disease (AR 23). Plaintiff has presented objective evidence of several underlying medical conditions. Accordingly, she has satisfied the first prong of the *Duncan* test.

With respect to the first part of the second prong of the *Duncan* test, plaintiff must demonstrate that the objective medical evidence confirms the severity of her pain. In her brief, plaintiff does not point to any objective medical evidence to support her claim of disabling pain. Rather, plaintiff merely cites her own testimony describing her alleged chronic pain syndrome. A claimant's self-reports of pain do not constitute objective medical evidence. *See McGuire v. Commissioner*, No. 98-1502, 1999 WL 196508 at * 7 (6th Cir. March 25, 1999 ), *citing Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990).

The ALJ determined that plaintiff's claim of disabling pain is inconsistent with her daily activities, which include caring for her children (e.g., getting the oldest child ready for school, bathing children and preparing meals), housework (dusting, laundry and dishes) and driving (AR 20). *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (the ALJ may consider plaintiff's household and social activities in evaluating complaints of pain).

The ALJ found that plaintiff failed to follow her doctor's advice to quit smoking, a habit which adversely affected her arthritis and disc disease (AR 21). Because plaintiff was advised that smoking exacerbates her back condition, the ALJ assumed that plaintiff "did not believe her back condition merited the effort of quitting her tobacco use" (AR 21). The ALJ found plaintiff's failure to cease smoking as evidence that her complaints of disabling back pain are less than fully credible (AR 21). The ALJ could properly consider plaintiff's failure to quit smoking as evidence that she did not suffer from disabling pain. For example, in *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 480 (6th Cir. 1988), the court found that a claimant's failure to lose weight

and stop smoking was not consistent with the lifestyle of a person suffering from intractable pain. In reaching this decision, the court reasoned that:

> The Social Security Act did not repeal the principle of individual responsibility. Each of us faces a myriad of choices in life, and the choices we make, whether we like it or not, have consequences. If the claimant in this case chooses to drive himself to an early grave, that is his privilege -- but if he is not truly disabled, he has no right to require those who pay Social Security taxes to help underwrite the cost of his ride.

*Id.*

Based on this record, the objective medical evidence did not confirm the severity of plaintiff's pain. Accordingly, plaintiff has not met the first part of the second prong of the *Duncan* test.

Nevertheless, it appears to the court that plaintiff has met the second part of the second prong of the *Duncan* test, i.e., that she suffered from an objectively determined medical condition "of a severity which can reasonably be expected to give rise to the alleged pain." *Duncan*, 801 F.2d at 853. Plaintiff injured her back on August 13, 2002 (AR 301). Three days later, she visited the emergency room complaining of neck and back pain (AR 301-02). On August 19th, plaintiff's physician recommended a back brace and physical therapy (AR 352). She sought treatment for low back pain in September and October (AR 137-42). In December she was diagnosed with discogenic radiculopathy of the L5 nerve on the right (AR 270-71, 335). Her surgeon, A. M. Manohar, M.D., considered her disabled due to "disc herniation" and noted that surgery was recommended (AR 333). Plaintiff underwent three back surgeries (January 14, February 19, and October 21, 2003) to relieve L5 nerve root irritation and L4 nerve root compression (AR 153-55, 245, 258, 320). In December 2003, plaintiff's surgeon recommended a conservative line of treatment including therapy and an exercise program (AR 318). An MRI

performed on January 18, 2004 indicated that degenerative disc disease at L4-5, but "[n]o evidence of recurrent disc herniation or neural impingement" (AR 240). At an examination on March 15th, Dr. Manohar stated that plaintiff's last MRI indicated that she "was clear for any disc herniation" (AR 316). The surgeon placed plaintiff on back exercises, and prescribed a TENS unit and Anaprox (AR 316). On April 28th, Dr. Manohar apparently released plaintiff for work, stating that she was "disabled from doing any job that involved stooping or lifting more than ten pounds of weight" (AR 315).

Here, the objective medical evidence of plaintiff's nerve root irritation and compression satisfies the second part of the second prong of the *Duncan* test. *See*, *e.g.*, *Walker v. Chater*, No. 95-4256, 1997 WL 369445 at *4 (6th Cir. July 1, 1997) (indicating that objective medical evidence of nerve root compression would satisfy the second prong of the *Duncan* standard); *Perry v. Secretary of Health and Human Services*, No. 87-4156, 1988 WL 114816 at *1 (6th Cir. Oct. 28, 1988) (same); *Barrow v. Secretary of Health & Human Servs.*, No. 87-6032, 1988 WL 103333 at *4 (6th Cir. Oct. 4, 1988) (indicating that objective medical evidence of nerve root irritation would satisfy the second prong of the *Duncan* standard); *McInally v. Bowen*, No. 87-1472, 1988 WL 54085 (6th Cir. May 31, 1988) (same). Accordingly, the ALJ's determination that plaintiff did not suffer from disabling back pain is not supported by substantial evidence.

Having found that plaintiff satisfied the *Duncan* test for establishing disabling pain, a factual issue arises with respect to the duration of her disabling condition. Plaintiff alleged a disability onset date of August 13, 2002. Her third surgery occurred in October 2003, some 14 months later. Based on this record, plaintiff's disabling condition may well have lasted more than 12 months. The determination of this factual issue is a matter for the Commissioner. *See Brainard*,

889 F.2d at 681 (the reviewing court does not review the evidence *de novo*, make credibility determinations or weigh the evidence).

Accordingly, this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of plaintiff's claim.

## IV.    Recommendation

I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of plaintiff's claim consistent with this report and recommendation.


Entered:  June 29, 2007                            /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).