UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AMY L. SMITH,

    Plaintiff,

v.                                                Case No. 4:06-CV-66

COMMISSIONER OF SOCIAL                 HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## OPINION

The Court has before it the Commissioner's objections to the Magistrate Judge's Report and Recommendation issued on June 29, 2007. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that Plaintiff did not suffer from disabling back pain was not supported by substantial evidence. He recommended that the Court reverse and remand the matter to the Commissioner pursuant to 42 U.S.C. § 405(g) for a re-evaluation of Plaintiff's claim, specifically, to determine whether Plaintiff's disabling condition lasted more than 12 months. The Commissioner objects to the report and recommendation, arguing that the magistrate judge incorrectly concluded that the evidence that Plaintiff suffered from nerve root irritation and compression satisfied the test for establishing disabling pain.

After conducting a de novo review of the report and recommendation, the Court agrees with the Commissioner that the report and recommendation should be rejected.

The ALJ determined that Plaintiff's complaints of pain were not credible. The magistrate judge reviewed the ALJ's determination under the Sixth Circuit's framework for evaluating complaints of pain set forth in *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847

(6th Cir. 1986). The first prong of the *Duncan* test requires objective evidence of an underlying medical condition that can be expected to produce pain and other symptoms. Under the second prong, the court must examine whether there is objective medical evidence confirming the severity of the alleged pain or whether the alleged condition is so severe that it can reasonably be expected to produce the alleged pain. *See id.* at 853. The magistrate judge concluded that Plaintiff presented objective evidence of several underlying medical conditions which satisfied the first prong of the *Duncan* test. (Report & Recommendation at 6-7.) He further found that substantial evidence supported the ALJ's conclusion that Plaintiff failed to satisfy the first part of the second prong of *Duncan* because the objective evidence, including the evidence of Plaintiff's activities, failed to confirm the severity of the alleged pain. (*Id.* at 7-8.) However, the magistrate judge concluded that Plaintiff satisfied the second part of the second prong – that Plaintiff suffered from an objectively determined medical condition of such severity that it could reasonably be expected to give rise to the alleged pain – based upon objective medical evidence of Plaintiff's nerve root irritation and compression. (*Id.* at 9.)

In concluding that evidence of nerve root irritation and compression was sufficient to establish disabling back pain, the magistrate judge relied upon four unpublished Sixth Circuit cases, *Walker v. Chater*, No. 95-4256, 1997 WL 369445 (6th Cir. July 1, 1997); *Perry v. Secretary of Health and Human Services*, No. 87-4156, 1988 WL 114816 (6th Cir. Oct. 28, 1988); *Barrow v. Secretary of Health and Human Services*, No. 87-6032, 1988 WL 103333 (6th Cir. Oct. 4, 1988); and *McInally v. Bowen*, No. 87-1472, 1988 WL 54085 (6th Cir. May 31, 1988). However, none of those cases holds, or even suggests, that evidence of nerve root compression and irritation, alone, establishes the existence of disabling pain. In *Chater*, *Perry*, and *Barrow*, the absence of evidence of nerve root compression was noted to be simply one consideration supporting the ALJs'

determinations that the plaintiffs did not meet the second prong of *Duncan*. In *McInally*, a chiropractor had treated the plaintiff for neurospinal compression syndrome of the lumbar spine, whereas another doctor who had treated the plaintiff a year earlier found no evidence of root compression. *See* 1988 WL 54085, at *2-3. The court held that the ALJ properly discounted the chiropractor's reports because, among other things, his opinion was not supported by acceptable medical data. *See id.* at *4.

In addition to the evidence of nerve root compression and irritation, there was other evidence in the record upon which the ALJ could have concluded that Plaintiff's pain was not disabling. For example, shortly after Plaintiff's alleged disability onset date, a lumbar CT scan and an MRI indicated degenerative disc disease at L4-5 but no evidence of recurrent disc herniation or neural impingement. In addition, Plaintiff had no neurological deficits six weeks after her second back surgery, and two months later, Plaintiff had a full range of motion in her back and full muscle strength in her lower extremities. Finally, given the existence of evidence that Plaintiff engaged in substantial activities and failed to follow her doctor's advice, the ALJ had a substantial basis to conclude that Plaintiff did not suffer from disabling pain, notwithstanding the existence of the evidence of nerve root compression and irritation soon after the alleged onset and prior to the three back surgeries.

For the foregoing reasons, the Court concludes that the ALJ's decision was supported by substantial evidence and should be affirmed.

An Order consistent with this Opinion will be entered.


Dated: September 21, 2007                               /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE

3